UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATHAN BROWN,

                              Plaintiff,

              v.

DYLAG, Correctional Officer,
GEORGE STRUEBEL, Supervisor Inmate
 Grievance Program,
SKOWASKI, Correction Officer, and
J. ZIOLKOWSKI, Correctional Officer,

                              Defendants.

_____

**DECISION
and
ORDER**

**05-CV-796S(F)**

APPEARANCES:          NATHAN BROWN, *Pro Se*
                      90-A-3219
                      Clinton Correctional Facility
                      Box 2001
                      Dannemora, New York 12929

                      ANDREW M. CUOMO
                      Attorney General, State of New York
                      Attorney for Defendants
                      DARREN LONGO
                      Assistant Attorney General, of Counsel
                      107 Delaware Avenue
                      Fourth Floor
                      Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned by Honorable William M. Skretny on

August 18, 2006 for nondispositive pretrial matters.  The matter is presently before the

court on Plaintiff's motion to compel (Doc. No. 85), filed February 27, 2008.

**BACKGROUND and FACTS**[1]

Plaintiff Nathan Brown ("Plaintiff"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on November 4, 2005, by filing the original complaint (Doc. No. 1) ("Complaint") against Defendant Correctional Officer Dylag ("Dylag").  Plaintiff subsequently filed three amended complaints including the First Amended Complaint (Doc. No. 3) on November 23, 2005, against Inmate Grievance Program Supervisor George Struebel ("Struebel"), and Dylag, the Second Amended Complaint (Doc. No. 5) on April 19, 2006, against Correctional Officer Skowaski ("Skowaski"), and Struebel, and the Third Amended Complaint (Doc. No. 29) on February 14, 2007, against Struebel and Correctional Officer J. Ziolkowski ("Ziolkowski").  The action was discontinued as against Dylag on April 19, 2006, and as against Skowaski on February 14, 2007, leaving only Struebel and Ziolkowski (together, "Defendants"), as defendants to this action.

In particular, Plaintiff alleges that between September 27, 2005 and October 9, 2005, while Plaintiff was incarcerated at Attica Correctional Facility in Attica, New York, Defendants violated Plaintiff's rights under the First, Fifth, Eighth and Fourteenth Amendments when Defendants, in order to coerce Plaintiff into trafficking narcotics for Ziolkowski, confined Plaintiff to his cell so as to deprive Plaintiff of his meals, subjected Plaintiff to an unwarranted beating, seriously injuring Plaintiff's left eye and vision, interfered with Plaintiff's attempts to obtain medical treatment for his injuries after the beating, threatened Plaintiff with more physical harm if Plaintiff reported the attack, and

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

obstructed Plaintiff's attempts to file grievances pertaining to such incidents.

Defendants's answer to the Third Amended Complaint (Doc. No. 67), was filed on

December 7, 2007.

On January 2, 2008, Plaintiff served Defendants with Plaintiff's Request for

Production of Documents - Seventh Set (Doc. No. 74) ("Demand for Documents"),

seeking four categories of documents.  On February 27, 2008, Plaintiff filed the instant

motion to compel (Doc. No. 85) ("Plaintiff's motion"), seeking an order compelling

Defendants to produce documents responsive to the Demand for Documents.  The

motion is supported by the attached Brief in Support of Motion to Compel Discovery

(Doc. No. 85-2) ("Plaintiff's Memorandum"), and Affirmation of Nathan Brown in Support

of Motion to Compel Discovery ("Plaintiff's Affirmation").  In opposition to Plaintiff's

motion, Defendants filed on March 13, 2008, the Declaration of Assistant Attorney

General Darren Longo (Doc. No. 87) ("Longo Declaration").  On March 21, 2008,

Plaintiff filed in further support of Plaintiff's motion Plaintiff's Answer to Defendants'

Response to Motion to Compel Discovery (Doc. No. 88) ("Plaintiff's Reply").  Oral

argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DENIED.


## DISCUSSION

As stated, Plaintiff seeks an order compelling Defendants to provide documents

responsive to all four categories of information requested in the Demand for

Documents.  Specifically, the first category of demanded documents seeks

Those portions of the personnel files of Ziolkoswki that relate to the attack

incident, the deprivation of meals incident, this incident, or that discloses (a) whether Ziolkowski was on any type of probationary or disciplinary status or subject to discipline, suspension, censure or warning in September-October 2005, (b) whether, prior to the dates of the incidents, Ziolkowski had ever been found to have used excessive force, to have possessed narcotics or unauthorized weapons, to have threatened any inmate with deadly or excessive force, or to have used inappropriate language in the presence of inmates, (c) whether at the time of the incidents there were any unresolved complaints pending against Ziolkowski to determine whether Ziolkowski had in the past used excessive force, possessed narcotics or unauthorized weapons, threatened inmates with deadly or excessive force or at gunpoint, or used inappropriate language in the presence of inmates.

Demand for Documents No. 1.

The second category of demanded documents seeks

[a]ny documents which mention, relate to, discuss or concern or regard any allegation made by any person that Ziolkowski was ever less than truthful or complete in submitting forms, documents, reports or memos in the course of his employment or any hearing or disciplinary proceeding or in presenting any sworn testimony or statement.

Demand for Documents No. 2.

The third category of demanded documents seeks

[a]ny documents which mention, refer, relate to, discuss, or concern or regard any allegation by any person that Ziolkowski has ever failed to file any use of force forms/reports during the course of his employment.

Demand for Documents No. 3.

Finally, the fourth category of demanded documents seeks

[a]ny and all documents obtained by the Attorney General's Office from any person other than Plaintiff in connection with this case.

Demand for Documents No. 4.

In response to Plaintiff's motion, Defendants maintain that Assistant Attorney

General Darren Longo ("Longo"), has "requested any and all responsive documents

from the Inspector General of the New York State Department of Correctional Services

4

("DOCS")."  Longo Declaration ¶ 9.  Longo further assured that any such responsive

documents would be provided to Plaintiff upon their receipt from the Inspector General.

*Id*. ¶ 12.  It was, however, not clear whether the Inspector General had any such

responsive documents as of March 13, 2008,  the date Defendants filed the Longo

Declaration, and the record does not indicate that Longo ever received any such

documents from the Inspector General, or whether such documents were ever provided

to Plaintiff.  Longo further explained that any documents responsive to Plaintiff's

Demand for Documents, if not on file with the Inspector General, would be found in only

two other places.  *Id*. ¶ 13.

Specifically, disciplinary papers related to any inmate grievances filed against a

DOCS employee would be placed in an employee's personnel file only if the grievance

leads to disciplinary action against the employee.  Longo Declaration ¶ 14.  Otherwise,

the complaint would be kept either in the facility's grievance office, if the complaint is

submitted as a formal grievance, or in the complaining inmate's file, if the complaint is

in the form of a letter. *Id*. ¶ 15.  As such, grievances that have not resulted in any

disciplinary action against the employee cannot be found by searching the employee's

personnel file but, rather, can be found only be searching according to the complaining

inmate's name.  *Id*. ¶ 16.  Longo also states that he requested from Attica all

documents responsive to Plaintiff's Demand for Documents, and was advised that no

such documents were found in Zolkowski's personnel file.  *Id*. ¶ 18.  As such,

Defendants can respond to Plaintiff's Demand for Documents only be searching the

records of every inmate incarcerated at a correctional facility at the same time

Ziolkowski was employed at such facility, *id.* ¶ 19, an undertaking Defendants maintain

"would be all but impossible to conduct, and would in any case be unduly burdensome." *Id*. ¶ 20.  Defendants thus request Plaintiff's motion be denied. *Id*. ¶ 21.

In further support of Plaintiff's motion, Plaintiff does not dispute Defendants' characterization of the manner in which DOCS files inmate grievances and complaints against DOCS employees that do not result in any sanctions or disciplinary proceedings.  Rather, Plaintiff request the court conduct an *in camera* inspection of Ziolkowski's personnel file to ensure that Defendants are not "hiding" evidence helpful to Plaintiff with regard to the instant action.  Plaintiff's Reply at 1.

As relevant, Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Nevertheless, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)," Fed. R. Civ. P. 26(b)(1), which provides for limiting any discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance fo the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

In the instant case, insofar as a response to Plaintiff's Demand for Documents would require a burdensome and time-consuming search of all the inmate grievances filed at Attica or any other correctional facility where Ziolkowski has worked, to determine whether Ziolkowski was named in such grievances, the court concludes that the burden of such a search far outweighs the likely benefit of the requested discovery. Significantly, even if any inmate grievance or complaint filed against Ziolkowski were recovered as a result of such a search, the fact that such grievance or complaint would

necessarily have been found to be without merit and, unless relevant to Plaintiff's claims, would be of little use to Plaintiff in litigating the instant action.  Moreover, while the court recognizes the importance of the issues at stake in this case, such documents, assuming they exist, are not determinative to the resolution of the issues and may not even be admissible.  *See* Fed. R. Evid. 403 (danger of unfair prejudice substantially outweighs probative value renders otherwise relevant evidence inadmissible).  Accordingly, Plaintiff's motion is DENIED insofar as responding to such motion would require Defendants undertake a search of all the inmate grievances filed at Attica or any other correctional facility where Ziolkowski has worked, to determine whether Ziolkowski was named in such grievances.

Furthermore, Plaintiff has not challenged the veracity of Defendants' explanation that only those inmate grievances and complaints that resulting in sanctions or disciplinary action would be found in the offending DOCS' employees' personnel files. Rather, Plaintiff requests the court conduct an *in camera* review of Ziolkowski's personnel file to conclusively establish that no such information is contained therein. Because Plaintiff fails to provide any credible reason to question Defendants' assertion that no such information responsive to Plaintiff's Demand for Documents is found in Ziolkowski's personnel file, Plaintiff's motion, insofar as it requests *in camera* review of Ziolkowski's personnel file, is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 85) is DENIED.

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER

MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF

THE COURT NOT LATER THAN 10 DAYS AFTER SERVICE OF THIS

DECISION AND ORDER IN ACCORDANCE WITH FED. R. CIV. P. 72(a).


SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        August 18 , 2008
                   Buffalo, New York